IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OASIS TOOLING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-151 (VAC) |
| | ) | |
| SIEMENS INDUSTRY SOFTWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT SIEMENS INDUSTRY SOFTWARE INC.'S
OPENING BRIEF IN SUPPORT OF ITS MOTION TO STAY**

OF COUNSEL:

Kristin L. Cleveland
Mark W. Wilson
Salumeh R. Loesch
John D. Vandenberg
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
(503) 595-5300

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
Matthew J. McIntee
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

Kristina R. Cary
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

May 2, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant Siemens Industry
Software, Inc.*

## TABLE OF CONTENTS

STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ...................................... 1

SUMMARY OF ARGUMENT ................................................................................................. 2

ARGUMENT ........................................................................................................................... 2

    I.      Legal Standards................................................................................................... 2

    II.     The potential to completely eliminate—or at least significantly simplify—
            the issues for trial weighs strongly in favor of a stay ............................................. 3

    III.    The early stage of this case weighs strongly in favor of a stay.............................. 4

    IV.    A stay will not unduly prejudice OTI .................................................................... 4

    V.     CONCLUSION.................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

**Page(s)**

*Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*,
    C.A. No. 15-1168-LPS, 2021 WL 616992 (D. Del. Feb 17, 2021) ...........................................2

*Coastal States Gas Corp. v. Dep't of Energy*,
    84 F.R.D. 278 (D. Del. 1979) ....................................................................................4

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*,
    734 F. Supp. 656 (D. Del. 1990)................................................................................2

*Ethicon LLC v. Intuitive Surgical, Inc.*,
    C.A. No. 17-871-LPS, 2019 WL 1276029 (D. Del. Mar. 20, 2019) ........................................3

*Ever Win Int'l Corp. v. RadioShack Corp.*,
    902 F. Supp. 2d 503 (D. Del. 2012).............................................................................4

*IBM Corp. v. The Priceline Group*,
    C.A. No. 15-137-LPS-CJB, D.I. 43 (D. Del. Sept. 18, 2015)..................................................3

*Kaavo Inc. v. Cognizant Tech. Sols. Corp.*,
    C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015)...........................3, 4

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)...................................................................................................2

*Mann v. Brenner*,
    375 F. App'x 232 (3d Cir. 2010) ..............................................................................3

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
    No. CV 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ........................................4

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014)..................................................................................5

**STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS**

Defendant Siemens Industry Software Inc. ("Siemens") files this motion to stay at the earliest stage of this proceeding, shortly after filing a 12(b)(6) Motion to Dismiss and before a procedural schedule has been set or discovery has begun.

Plaintiff Oasis Tooling, Inc. ("OTI") filed its Complaint against Siemens on February 1, 2022, asserting two related patents: U.S. Pat. Nos. 7,685,545 and 8,266,571 (collectively, "the Asserted Patents"). (D.I. 1.) On April 1, 2022, Siemens moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12 (b)(6) because the Asserted Patents do not claim patentable subject matter under 35 U.S.C. § 101. ("Motion to Dismiss," D.I. 13.) OTI responded to Siemens' Motion to Dismiss on April 18, 2022 (D.I. 18) and Siemens filed a reply in support of its Motion on April 26, 2022 (D.I 20). All briefing on the issue is complete and Siemens requested oral argument on its Motion to Dismiss on April 29, 2022. (D.I. 21.)

On March 22, 2022, this case was assigned to Delaware's Vacant Judgeship following the appointment of Judge Stark to the United States Court of Appeals for the Federal Circuit. On April 5, 2022, OTI and Siemens (collectively, "the Parties") filed a Notice of Consent to conduct all proceedings in this case through pretrial activities (including summary judgment) before United States Magistrate Judge Burke. (D.I. 17.)

On March 9, 2022, OTI filed another complaint asserting the same patents against GlobalFoundries U.S., Inc. ("GlobalFoundries"). (*Oasis Tooling, Inc. v. GlobalFoundries U.S., Inc.*, No. 1:22-cv-00312-VAC, D.I. 1). GlobalFoundries' deadline to move or otherwise respond to that complaint is May 2, 2022. OTI and GlobalFoundries similarly filed a Notice of Consent to conduct all proceedings in this case through pretrial activities (including summary judgment) before United States Magistrate Judge Burke. (*Oasis Tooling, Inc. v. GlobalFoundries U.S., Inc.*, 1:22-cv-00312-VAC, D.I. 10).

To conserve party and judicial resources while imposing no meaningful prejudice on either party, Siemens now moves the court for a stay of the proceedings until its Motion to Dismiss is resolved. Pursuant to Local Rule 7.1.1, counsel for Siemens contacted counsel for OTI regarding its position on this Motion on April 27, 2022, and the Parties met and conferred on April 28, 2022. OTI opposes the relief sought in this Motion.

## SUMMARY OF ARGUMENT

Courts in this circuit consider three factors when evaluating a motion to stay, and all three support staying this case until Siemens' Motion to Dismiss is resolved. First, Siemens' pending Motion to Dismiss could resolve the entire case, as it seeks a ruling that ***all*** claims of the Asserted Patents are invalid under 35 U.S.C. § 101. Thus, Siemens' Motion to Dismiss has the potential to resolve this case in its entirety, or at least to significantly simplify the issues if granted with respect to some of the claims. Second, this motion is filed early in the case. Discovery has not yet begun and no procedural schedule has been set. And third, a stay pending the resolution of Siemens' Motion to Dismiss would not prejudice OTI—a non-practicing entity that is not offering a commercial product at this time, let alone one that competes with Siemens' Accused Products.

## ARGUMENT

### I.   LEGAL STANDARDS

A court has discretionary authority to grant a motion to stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts in this district generally consider three factors in deciding how to exercise this discretion: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-

LPS, 2021 WL 616992, at *2 (D. Del. Feb 17, 2021) (citing *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019)).

Each of these three factors weighs in favor of granting a stay pending the resolution of Siemens' Motion to Dismiss.

## II.   THE POTENTIAL TO COMPLETELY ELIMINATE—OR AT LEAST SIGNIFICANTLY SIMPLIFY—THE ISSUES FOR TRIAL WEIGHS STRONGLY IN FAVOR OF A STAY

Because Siemens' pending Motion to Dismiss is directed to ***all*** claims of OTI's Asserted Patents, resolution of the Motion has the potential to resolve this case in its entirety. "The fact that the motion, if resolved a certain way, could be entirely case-dispositive as to all asserted claims of the [Asserted Patents] (and thus, of the entire suit against all Defendant[] seeking a stay), is certainly a fact inuring to [Defendant's] benefit here." *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015); *see also IBM Corp. v. The Priceline Group*, C.A. No. 15-137-LPS-CJB, D.I. 43 ¶ 2 (D. Del. Sept. 18, 2015) (granting motion to stay pending a motion to dismiss four patents under Section 101, in part due to the potential for simplification). "[T]here is no question that … the Court has the discretion to conclude that '[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile.'" *Kaavo*, 2015 WL 1737476, at *1, (quoting *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010)).

And even if the Court only partially grants Siemens' Motion to Dismiss—*e.g.*, by dismissing only a subset of the claims at issue—at least a subset of the issues that the Parties must address through trial will be resolved, simplifying the remaining case.

Because the granting of Siemens' Motion to Dismiss in whole or in part would result in complete resolution or at least a simplification of the issues, this factor weighs strongly in favor of granting the stay.

## III.   THE EARLY STAGE OF THIS CASE WEIGHS STRONGLY IN FAVOR OF A STAY

The benefit of a limited stay is maximized in precisely the circumstances present in this case, where a dispositive motion is filed at the earliest possible stage before discovery has begun or a case schedule has been set. *See Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979). "With the Court and the parties having invested relatively few resources in the cases since their filing, this factor strongly favors a stay." *Kaavo*, 2015 WL 1737476, at *3; *see also Ever Win Int'l Corp. v. RadioShack Corp.*, 902 F. Supp. 2d 503, 507 (D. Del. 2012) (granting stay, where the case was "in its very early stages" as "[n]o initial disclosures have been exchanged, no Scheduling Order has been entered [and] no discovery has occurred"). The Parties have not incurred the sunk costs of discovery, claim construction, or even the costs with setting a schedule or beginning the development of the case and related contentions. In such instance, virtually all of the expenses of the case will be avoided until such time as Siemens' Motion to Dismiss is resolved.

This factor, too, weighs strongly in favor of a stay.

## IV.   A STAY WILL NOT UNDULY PREJUDICE OTI

There is no potential prejudice to OTI or inappropriate tactical advantage to be gained by Siemens from granting the requested stay. At this stage in the proceeding, there is a significant opportunity to save costs through the resolution of Siemens' Motion to Dismiss prior to the commencement of discovery, and although the stay may delay the resolution of this action, delay alone is not undue prejudice. *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. CV 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013).

OTI's own delay in filing this case shows it would not be substantially prejudiced by a stay pending resolution of Siemens' motion. OTI waited ***nearly a decade*** after the issuance of the more recent of the two Asserted Patents to file suit. (D.I. 1-1 at 2 (Compl. Ex. 1, '545 Patent, issued

4

March 23, 2010); D.I. 1-1 at 69 (Compl. Ex. 2, '571 Patent, issued September 11, 2012)). The Complaint does not allege that the accused functionality was released after the patents issued. Exhibit 8 to the Complaint, for example, supposedly describes some of the accused functionality, and has a 2011 copyright notice. (D.I. 1-1 at 151–55.) An additional much shorter delay to address whether the asserted patents are eligible for patent protection is not undue prejudice. *See, e.g.*, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (holding that a one-year delay in filing suit after the patent was issued weighed against patentee's claims that it would be unduly prejudiced by a stay due to its alleged competition with defendant). Damages, if any, to OTI can be satisfied by financial means, and a delay in collecting monetary damages or enforcing patent rights does not amount to undue prejudice or tactical disadvantage. *See id.* at 1318 ("A stay will not diminish the monetary damages to which [the patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages[.]")

Importantly, OTI is not a competitor of Siemens, and will not be harmed in the marketplace from a stay. Though OTI's Complaint makes vague references to its "offerings" in the present tense (D.I. 1, ¶ 11) and alleges "continuing … irreparable injury" to OTI (D.I. 1, ¶¶ 59, 68), OTI does not identify any particular "offerings" that compete with Siemens' Accused Products or any other factual basis that could establish such an "injury" or any ongoing harm. In fact, the OTI website (formerly hosted at oasistooling.com) is inactive (Ex. A), and the description of OTI's "offerings" appears to have been taken nearly verbatim from the website of a separate company, Yotta Data Sciences. (*Compare* D.I. 1, ¶ 59, *with* Ex. B, http://www.yottadatasciences.com/about.html.) Though Yotta Data Sciences' website notes a connection with the named inventors of the Asserted Patents, the company is not mentioned in the

Complaint, and the Complaint does not allege that the Asserted Patents have been licensed to any other company. (*See generally*, D.I. 1.)

## V.   CONCLUSION

Because the factors courts consider in determining stay motions all individually and collectively favor a stay, Siemens respectfully requests that the Court grant its motion and stay this case pending the resolution of Siemens' pending Motion to Dismiss.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

|  |  |
|---|---|
| OF COUNSEL: | Karen Jacobs (#2881) |
|  | Cameron P. Clark (#6647) |
| Kristen L. Cleveland | 1201 N. Market Street |
| Mark W. Wilcon | P.O. Box 1347 |
| Salumeh R. Loesch | Wilmington, DE  19899-1347 |
| John D. Vandenberg | (302) 658-9200 |
| KLARQUIST SPARKMAN, LLP | kjacobs@morrisnichols.com |
| 121 S.W. Salmon Street, Suite 1600 | cclark@morrisnichols.com |
| Portland, OR  97204 |  |
| (503) 595-5300 | *Attorneys for Defendant* |
|  | *Siemens Industry Software, Inc.* |

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
Matthew J. McIntee
KIRKLAND & ELLIS LLP
1301 Pennsylvania Aenue, N.W.
Washington, D.C.  20004
(202) 389-5000

Kristina R. Cary
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA  02116
(617) 382-7500

May 2, 2022

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 2, 2022, upon the following in the manner indicated:

Philip A. Rovner, Esquire                                        *VIA ELECTRONIC MAIL*
Jonathan Choa, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
*Attorneys for Plaintiff*

Paul J. Andre, Esquire                                           *VIA ELECTRONIC MAIL*
Lisa Kobiakla, Esquire
James Hannah, Esquire
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA  94025
*Attorneys for Plaintiff*

Aaron M. Frankel, Esquire                                        *VIA ELECTRONIC MAIL*
Cristina Martinez, Esquire
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
*Attorneys for Plaintiff*

*/s/ Karen Jacobs*
_____
Karen Jacobs (#2881)