**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| OASIS TOOLING, INC., a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  22-00151-CJB |
| | ) | |
| SIEMENS INDUSTRY SOFTWARE, INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| OASIS TOOLING, INC., a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  22-00312-CJB |
| | ) | |
| GLOBALFOUNDRIES U.S., INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] PROTECTIVE ORDER GOVERNING THE
<u>DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS</u>**

Plaintiff  Oasis Tooling, Inc. ("Plaintiff" or "Oasis") and Defendants Siemens Industrial

Software, Inc. ("Siemens") and GlobalFoundries U.S., Inc. ("GlobalFoundries") (together,

"Defendants") (collectively the "Parties," and individually a "Party") anticipate that discovery in

this action will require the production of documents, things, and testimony that may be or

contain confidential, sensitive, or proprietary information.  In the interest of expediting discovery

and limiting disputes regarding access to such information, the Parties hereby request the Court

enter the Protective Order set forth below.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause to enter this Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or Protective Order").  IT IS HEREBY ORDERED THAT:

1.      All documents, information, and items produced in the course of discovery, regardless of the medium or manner in which it was generated, stored or maintained, including but not limited to initial disclosures; responses to interrogatories and requests for admissions; written contentions; production and disclosure of documents, information, including electronically created or stored information, and items; and deposition testimony and exhibits, whether produced by a Party or nonparty, shall be subject to this Protective Order as set forth below.

2.      Any information or materials produced by any Party or nonparty as part of discovery in this action may be designated by a Party or the producing nonparty (the "Designating Party") as (1) CONFIDENTIAL, (2) HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or (3) RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE (collectively "Designated Material") under the terms of this Protective Order.

3.      Each Party or nonparty who designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.     Subject to Paragraph 3 above, non-public information or materials may be designated as CONFIDENTIAL if the Designating Party believes in good faith that such information or materials must be protected against disclosure to third parties, pursuant to Fed. R. Civ. P. 26(c).  Absent a specific order by this Court, once designated as CONFIDENTIAL, such designated information shall be used by the Parties solely in this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.  The Parties shall use reasonable means to protect information or material designated as CONFIDENTIAL, including by taking reasonable precautions to protect the information or materials from unauthorized physical or electronic access or dissemination.

5.     Subject to Paragraph 3 above, non-public information or materials may be designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY if the Designating Party believes in good faith that such materials comprise highly confidential information that likely would be of value to a competitor or potential competitor of the Designating Party or that would create a substantial risk of harm to the Designating Party and/or its officers, executives, and employees in the marketplace and that therefore must be protected from disclosure. HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information may include, without

limitation, highly sensitive technical and/or operational information about the Designating Party and its products and services, highly sensitive investor information, highly sensitive financial information, highly sensitive agreements, licenses, or licensing information, marketing plans and forecasts, pricing and cost information, customer names and lists, sensitive personnel information that would not or could not otherwise normally be shared outside the company, and any other information the Designating Party in good faith believes falls within the scope of this provision.  Absent a specific order by this Court, once designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, such designated information shall be used by the Parties solely in this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.  The Parties shall use reasonable means to protect information or materials designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, including by taking reasonable precautions (considering the highly sensitive nature of such information or materials) to protect the information or materials from unauthorized physical or electronic access or dissemination.

6.     The designation of information or material as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE for purposes of this Protective Order shall be made in the following manner by the Designating Party:

(a)     In the case of information provided in documentary form (i.e.,  paper or electronic documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, written contentions, or other written or tangible materials, but excluding depositions or other pretrial or trial testimony and proceedings): the Designating Party shall affix the legend "CONFIDENTIAL", "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY", or "RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE" to each page (or if that is not practical, the cover page or medium) that contains any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Designating Party becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.  For documents produced in native form, the Designating Party must affix the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY", or "RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE" on placeholder or cover sheet appended to the native document and to the file name.  If only a portion or portions of any designated material qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or nonparty who makes original documents or materials available for inspection (except for source code) need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY", or "RESTRICTED HIGHLY

CONFIDENTIAL SOURCE CODE") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)      In the case of information provided via deposition or in other pretrial proceedings, the Designating Party must, within 14 days after the official deposition or hearing transcript is provided, identify all protected testimony and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE" (or the entire transcript if the entire transcript is designated) shall be covered by the provisions of this Protective Order.  Any transcript shall be treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY until the expiration of the 14-day period, after which the transcript shall be treated as actually designated. Procedures regarding the treatment of trial testimony will be determined at a later time.

Counsel for any Designating Party shall have the right to exclude from oral depositions any person who is not authorized by this Order to receive documents or information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE, to the extent such information is used during the deposition.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to or constituting Designated Material.

(c)     In the case of information provided in some form other than documentary and for other tangible items, the Designating Party must affix the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY", or "RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE" in a prominent portion of the tangible thing and communicate the designation to the receiving Party to the extent the designation is not clearly visible.  If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

7.     Information or material designated as CONFIDENTIAL, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)     The Parties' outside counsel of record in this action and regular and temporary employees and staff of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)     The Parties' in-house counsel and employees who are involved in the litigation of this action and who have a need to see such information;

(c)     Consultants and Experts, and their respective employees and staff, to whom disclosure is reasonably necessary for this litigation and subject and conditioned upon compliance with Paragraphs 9 and 10 below;

(d)     The Court and its personnel;

(e)     Court reporters, videographers, and their staff employed in connection with this action, subject and conditioned upon compliance with Paragraph 10 below;

(f)     Vendors retained by counsel for a Party for purposes of performing services in connection with this litigation, including, without limitation, photocopying, scanning, managing or hosting electronic documents produced during discovery, and preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, to the extent necessary to perform the services requested and subject to and conditioned upon compliance with Paragraph 10 below;

(g)     Non-technical jury or trial consulting services, including mock jurors for any mock trial, retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 10 below;

(h)     Any other person only upon order of the Court or upon written consent of the Party or nonparty producing the confidential information or material subject to and conditioned upon compliance with Paragraph 10 below; and

(i)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     Information or material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

- 8 -

(a)     Parties' outside counsel of record in this action and regular and temporary employees and staff of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)     The Parties' in-house counsel who are involved in the litigation of this action and who have a need to see such information.  In-house counsel shall be limited to no more than three (3) individuals per Party, who shall complete and sign a copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A and be identified to all other Parties no later than ten (10) business days prior to their first access of such materials. A Party may object to the disclosure of Designated Material to proposed in-house counsel within ten (10) business days of this identification, and no disclosure may be made to such in-house counsel absent resolution of the objection.

(c)     Consultants and Experts, and their respective employees and staff, to whom disclosure is reasonably necessary for this litigation and subject to and conditioned upon compliance with Paragraphs 9 and 10 below;

(d)     The Court and its personnel;

(e)     Court reporters, videographers, and their staff employed in connection with this action, subject to and conditioned upon compliance with Paragraph 10 below;

(f)     Vendors retained by counsel for a Party for purposes of performing services in connection with this litigation, including, without limitation, photocopying, scanning, managing or hosting electronic documents produced during discovery, and preparing demonstrative or other exhibits for deposition, trial or other court proceeding in this action, to the extent necessary to perform the services requested and subject to and conditioned upon compliance with Paragraph 10 below;

(g)     Non-technical jury or trial consulting services, including mock jurors for any mock trial, retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 10 below; and

(h)     Any other person only upon order of the Court or upon written consent of the Designating Party subject to and conditioned upon compliance with Paragraph 10 below; and

(i)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

9.     A Party may disclose Designated Material to Consultants and Experts, provided that the Party identifies such Consultant or Expert to all other Parties no later than seven (7) business days before disclosing such materials to such persons and no objection has been made by the other Party.  Such identification shall include:

(a)     The general categories of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE that the Party seeks permission to disclose to the Expert or Consultant;

(b)     the Expert or Consultant's full name and business title;

(c)     the Expert or Consultant's business address;

(d)     the Expert or Consultant's current employer(s);

(e)     the Expert or Consultant's CV;

(f)     identifies any litigation (by name and number of the case, filing date, and location of the court) in which the Expert or Consultant has provided expert testimony

over the last five years, including expert testimony provided via a declaration, report, or testimony at deposition or trial;

(g)     an identification of all companies with which the Expert or Consultant has consulted, by whom the individual has been employed within the last five years, from whom the Expert or Consultant has received any compensation or funding for work in his or her areas of expertise, or to whom the Expert or Consultant has provided professional services; and

(h)     a signed copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A.

A Party may object to the disclosure of Designated Material to a proposed Expert or Consultant within seven (7) business days of the identification disclosure of Designated Material to such Expert or Consultant.  No disclosure to such Expert or Consultant can be made absent resolution of the objection.  The Parties agree to make good faith efforts to expedite the objection/approval process for proposed Experts and Consults upon reasonable request.  In the event that a dispute arises regarding disclosure to a Consultant or Expert, the Parties agree to discuss such objection and/or request and if they are unable to resolve such dispute, the Party who objects to the disclosure to the Consultant or Expert shall apply to the Court within  seven (7) business days after the inability of the parties to agree for resolution of that dispute.  Pending resolution of the dispute, no disclosure shall be made to the Consultant or Expert.  If no application is made by the Party objecting to the proposed Consultant or Expert within  seven (7)business days after the inability of the parties to agree, then disclosure may be made to the Consultant or Expert.

10.     All persons listed in Paragraphs 7 (b)-(c) and 7(f)-(h) above, except for copy vendors, may be given access to information or material designated as CONFIDENTIAL, provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A.  Similarly, all persons listed in Paragraphs 8(c) and 8(f)-(h) above, except for copy vendors, may be given access to information or material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A.

11.     A producing Party may designate source code as RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE only if it comprises or includes confidential, proprietary, or trade secret source code, including computer code, layout designs, plans of integrated circuits, circuit schematics, circuit layouts, GDSII files, or VHDL or Verilog code and associated comments and revision histories, or formulas, disclosure of which to another Party or nonparty would create a substantial risk of serious harm that could not be avoided by less restrictive means. Protected Material designated as RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE shall be subject to all of the protections afforded to HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information, and may be disclosed only to persons listed in Paragraphs 8(a) to 8(f) and 8(i).

(a)     Any source code produced in discovery shall be made available for inspection,  in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing

Party's outside counsel or another mutually agreeable location.  The source code shall be made available for inspection on a single secured computer in a secured room without Internet access or network access to other computers, and the receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.   In the event that governmental restrictions on business operations, such as work from home orders, travel restrictions, or quarantine requirements, prohibit people from following the preferred source code inspection procedure specified in this paragraph or prohibit a person from traveling to or from the source code review location without quarantine or mandated isolation, the parties agree to meet and confer on alternative means of source code review.

(b)     The receiving Party shall provide three (3) business days' notice that it wishes to inspect the source code.  The producing Party shall provide access to the source code computer from 9 a.m. to 6 p.m. local time on business days (i.e., weekdays that are not federal holidays) for review by the receiving Party. Proper identification and approval of all persons inspecting the source code (pursuant to paragraph 9) must be provided prior to any access to the source code computer.  Specific office procedures related to Covid-19 must also be followed (i.e., Covid questionnaire or proof of vaccination).  Access to the source code computer may be denied, at the discretion of the producing Party, to any individual who fails to provide proper identification or follow the provisions in this Protective Order.

(c)     All persons who review any portion of the producing Party's source code in paper or electronic form on behalf of a receiving Party shall sign, on each day they review source code, a log that will include the names of persons who enter the secure

location to view the source code and when they enter and depart each day.  The producing Party's outside counsel of record shall maintain the log of all who view the Party's source code in the source code review room and any party shall be entitled to review the log.

(d)     The source code reviewer may take notes on a non-networked computer with camera function disabled, provided that all ports to such computer are unavailable and disabled and no drives of any kind (other than that within the non-networked computer) are permitted in the secured review room.

(e)     The receiving Party may use a text editor such as Notepad++, which shall be provided and installed by the producing Party, that is capable of printing out source code with page and/or line numbers in either hard-copy or as a PDF.  The receiving Party's outside counsel of record and/or experts may make reasonable requests that other commercially available licensed software tools for viewing and searching source code be installed on the secured computer at the receiving Party's expense.  Permission to install such software tools shall not be unreasonably withheld by the producing Party regardless of the number of tools requested.  The receiving Party must provide the producing party with the software tool(s), such as by providing an online link and appropriate credentials to download and install such software tools, at least five (5) business days in advance of the inspection.

(f)     The receiving Party may request paper copies of portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code.  The receiving Party is presumptively limited

to printing no more than twenty-five (25) consecutive pages, and to an aggregate total of no more than seven hundred and fifty (750) pages, of source code from the producing Party during the duration of the case. Any documents or the portions of any documents accompanying or otherwise found on the source code computer that do not contain source code will be free of any printing limits and produced under the designation of HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY. The Parties agree to negotiate these presumptive limits in good faith in the event the receiving Party seeks to exceed these limits. Within five (5) business days of a request for paper copies, the producing Party shall deliver three (3) copies of such printouts to one or more offices of the receiving Party's outside counsel unless the amount of printed source code exceeds the limits set forth above and the producing Party objects to producing an amount in excess of the limits. To the extent the parties are unable to agree on production of pages beyond the above stated limits, the Parties shall meet and confer within three (3) business days to attempt to resolve the producing Party's objection. If the Parties cannot resolve the objection, the receiving Party shall apply to the Court for a relief from this Protective Order within five (5) business days after the inability of the Parties to agree, for relief from the requirement to print the requested source code. If no motion to the Court is made by the receiving Party within five (5) business days after the inability of the Parties to agree, then the request to print will be deemed withdrawn.

(g)     The receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for depositions,

or (3) otherwise necessary for the preparation of its case.  Except as provided in this paragraph, the receiving Party shall not create any electronic copies and shall not convert any of the information contained in the paper copies into any electronic format.   The receiving Party may create an electronic image of the source code for the preparation of and use within expert reports, documents filed electronically with the Court, or for displaying the source code during trial.  Additionally, all electronic and paper copies must be labeled RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE.   Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

12.     Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to electronic design automation, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes review ("IPR")), and does not include participation by such attorney representing a patent holder in a reissue protest, *ex parte* reexamination, IPR, or similar proceeding, so long as the proceeding

is not initiated by the patent holder itself for any of its own patents, and so long as the attorney has no involvement in and does not advise regarding drafting, editing, approving or amending patent claims (the attorney may be involved in other activities in such proceedings). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end one (1) year after the individual was last able to access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

13.     The Parties must file documents containing Designated Material under seal in accordance with D. Del. LR 5.1.3 of the Local Court Rules of the United States District Court for the District of Delaware. The filing party shall notify the Designating Party in writing of its proposed redactions to any documents filed under seal at least one day before filing the redacted version and allow the Designating Party to approve or amend the redactions to be included in the filed version.

14.     A Party may challenge a Party's or nonparty's designation of information or materials produced herein as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE by serving a written objection upon the Designating Party. The objecting Party shall identify with specificity the document or information to which the objection is directed and the basis of the objection. The Designating Party shall notify the challenging Party in writing of the bases for the asserted designation within five (5) business days after receiving any written objection. The Parties and if applicable, the nonparty shall confer in good faith as to the validity of the designation within five (5) business days after the challenging Party has received the notice of the bases for the asserted

designation.  To the extent an agreement as to the designation is not reached, the Parties shall

follow the procedures for resolution as provided by the Court's procedures (including as set forth

in the Rule 16 Scheduling Order).  Until a dispute over the asserted designation is finally

resolved by the Parties, nonparty, or the Court, all Parties and other persons shall treat the

information or materials in question in accordance with their designation as CONFIDENTIAL,

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED HIGHLY

CONFIDENTIAL SOURCE CODE.  In any such dispute, the Designating Party shall bear the

burden of proving that the information was designated properly.

15.     All Designated Material covered by this Protective Order shall be kept in secure

facilities.

16.     All counsel for the Parties who have access to Designated Material under this

Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this

Court for purposes of enforcing this Order.

17.     Entering into, agreeing to, or producing or receiving Designated Material, or

otherwise complying with the terms of this Protective Order shall not:

(a)     operate as an admission by any Party that any particular Designated

Material designated by another Party or a nonparty contains or reflects trade secrets,

proprietary or commercially sensitive information, or any other type of confidential

information;

(b)     operate as an admission by any Party that the restrictions and procedures

set forth herein constitute or do not constitute adequate protection for any particular

information deemed by any Party or nonparty to be CONFIDENTIAL, HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY, or RESTRICTED HIGHLY

CONFIDENTIAL SOURCE CODE;

(c)     prejudice in any way the rights of any Party to object to the production of

documents or information it considers not subject to discovery;

(d)     prejudice in any way the rights of any Party to object to the authenticity or

admissibility into evidence of any document, testimony, or other evidence subject to this

Protective Order;

(e)     prejudice in any way the rights of any Party to seek a determination by the

Court whether any information or material should be subject to the terms of this

Protective Order;

(f)     prejudice in any way the rights of any Party or nonparty to petition the

Court for a further protective order relating to any purportedly confidential information;

or

(g)     prevent the Parties to this Protective Order from agreeing in writing or on

the record during a deposition or hearing in this action to alter or waive the provisions or

protections provided for herein with respect to any particular information or material.

18.     This Protective Order has no effect upon, and shall not apply to, a Party's use or

disclosure of its own confidential information for any purpose.  Nothing contained herein shall

impose any restrictions on the use or disclosure by a Party of documents, information or material

designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

that:

(a)     was already known to such Party by lawful means prior to acquisition

from, or disclosure by, any other Party in this action;

(b)      is or becomes publicly known through no fault or act of such Party;

(c)      is rightfully received by such Party from a third party which has authority to provide such information or material and without restriction as to disclosure; or

(d)      is otherwise obtained lawfully by such Party independently of any proceedings in this action.

19.      If a Party or nonparty inadvertently produces CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE information without marking it as such, it may be disclosed to others until the disclosing Party or nonparty provides written notice to the receiving Party, unless the receiving Party has actual knowledge that the information is CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE.  As soon as the disclosing Party or nonparty notifies the receiving Party of the inadvertent production, the information will be treated as if it had been timely designated under this Protective Order, and the receiving Party agrees to endeavor in good faith to obtain and destroy all copies, or notes or extracts thereto, which it provided to persons not authorized to access such information by Paragraphs 7 or 8 above, as well as any copies made or further distributed or provided to others by such persons.

20.      Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action and, in the course of giving such advice, from referring to or relying generally upon his or her examination of Designated Material. However, in rendering any such advice or otherwise communicating with his or her client, the attorney shall not disclose the contents or source of any Designated Material in a manner contrary to the terms of this Order.

21.     Settlement communications, in any form, between the Parties relating to the settlement of one or more claims in this litigation, shall be deemed HIGHLY CONFIDENTIAL pursuant to the terms of this Protective Order.  This designation shall be in addition to, and shall in no way compromise or diminish, any other privilege or immunity to which such communications may be entitled (e.g., Federal Rule of Evidence 408).

22.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as Designated Material, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to Designated Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified Designated Material and subject to all of the terms and conditions of this Order.

23.     The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

24.     The terms of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action.

25.     Each Party is entitled to seek modification of this Protective Order by application to the Court on notice to the other Party hereto for good cause.

26.     The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all

Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

27.     Except as otherwise provided in Paragraph 31, within sixty (60) days after the conclusion of this action and any appeals arising therefrom, all originals and copies of Designated Material, other than Designated Material in possession of the Court or Court personnel, shall be destroyed by the receiving Party and a written statement certifying destruction shall be sent to the Designating Party.  Alternatively, at the option of the Designating Party, and at its expense, a Designating Party may request that all Designated Material it produced be returned for its own disposition.

28.     After the conclusion of this action and any appeals arising therefrom, counsel for any Party in receipt of Designated Material under the Protective Order may retain copies of attorney work product that contains Designated Material provided that such work product is reasonably necessary to the proper maintenance of counsels' files with respect to this action, as well as one archival copy of any pleadings and transcripts containing or appending Designated Material.  Apart from the foregoing, all other Designated Material or documents containing Designated Material shall be destroyed in accordance with Paragraph 28.  Such copies shall be kept confidential in accordance with the terms of this order.

29.     <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another Article III Court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose Designated Material of another party pursuant to this order shall promptly notify the Designating Party of the motion so that the party may have an opportunity to appear and be heard on whether that information

should be disclosed.  Further, if a receiving Party or its counsel is served with any subpoena, court order, discovery request, or other compulsory process requesting another Party's Designated Material received under this Protective Order, the receiving Party or counsel subject to the request shall object to the production of the Designated Material based on the obligations of non-disclosure under this Protective Order and shall notify the Designating Party so that the Designating Party may intervene and seek protection of its Designated Material.

30.     In the event that any Designated Material is used in any Article I or Article III proceeding in this action, any related action, or any appeal therefrom, such information or material shall not lose its status as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED HIGHLY CONFIDENTIAL SOURCE CODE through such use. Counsel for the Parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

31.     Counsel shall maintain a copy of any Acknowledgement and Agreement to be Bound executed during the course of this action.  Following the conclusion of the case following any appeals or any final settlement of all claims in this action, at the request of any counsel, all other counsel shall be obligated to produce to the requesting counsel in a reasonably timely manner a copy of any Acknowledgement and Agreement to be Bound maintained by them during the course of this litigation.

SO ORDERED this ___ day of _____, 2022.

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| OASIS TOOLING, INC., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.  22-00151-CJB |
| SIEMENS INDUSTRY SOFTWARE, INC., a Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |
| | | |
| OASIS TOOLING, INC., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.  22-00312-CJB |
| GLOBALFOUNDRIES U.S., INC., a Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE
ORDER FOR ACCESS TO CONFIDENTIAL INFORMATION**

I, _____ [print or type full name], of

_____ hereby affirm that:

Information, including documents and things designated as "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED HIGHLY

CONFIDENTIAL – SOURCE CODE," as defined in the Protective Order entered in this

Litigation, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.  I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE, information disclosed to me pursuant to the Protective Order, except for purposes of this Litigation, and not to disclose any of this information to persons, other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the Court.  I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

Pursuant to Paragraph 9 of the attached Protective Order, I have provided (a) my name and business title; (b) my business address; (c) my business or profession; (d) my CV; (e) any previous or current relationship (personal or professional) with any of the parties or their affiliates; (f) a list of other cases in which I have testified (at trial or by deposition) within the last four years; (g) a list of all companies with which I have consulted or by which I have been employed within the last four years; and (h) a signed copy of this "Acknowledgement and Agreement To Be Bound By Protective Order."

I understand that I am to retain all documents or materials designated as or containing CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials,

including all copies thereof, and any writings prepared by me containing any CONFIDENTIAL,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or RESTRICTED HIGHLY

CONFIDENTIAL – SOURCE CODE information are to be returned to counsel who provided

me with such documents and materials.

DATED: _____

CITY, STATE WHERE SWORN AND SIGNED: _____

PRINTED NAME: _____

SIGNATURE: _____