**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| OASIS TOOLING, INC., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 22-151-CJB |
| v. | ) ) | **PUBLIC VERSION** |
| SIEMENS INDUSTRY SOFTWARE, INC., a Delaware Corporation, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF OASIS TOOLING, INC.'S LETTER BRIEF REGARDING FEES**

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
James Hannah
Jennifer L. Gilbert
Timothy Layden
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
(650) 752-1700

Aaron M. Frankel
Cristina Martinez
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated: August 23, 2024
Public version dated: August 30, 2024

Philip A. Rovner (#3215)
Nicole K. Pedi (#6236)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
npedi@potteranderson.com

*Attorneys for Plaintiff
Oasis Tooling, Inc.*

Dear Judge Burke:

As previously authorized by the Court (D.I. 280), Oasis Tooling, Inc. ("Oasis") moves for reimbursement from Siemens Industry Software, Inc. ("Siemens") of the $169,804.50 in fees and costs incurred by Oasis as a result of Siemens' untimely use of new source code evidence to support its invalidity defense.

Siemens introduced new source code evidence at the close of expert discovery. During the deposition of Siemens' invalidity expert, Dr. Majid Sarrafzadeh, Siemens marked as exhibits new source code evidence for alleged prior art that it had not previously disclosed or produced to Oasis. Siemens then proceeded to elicit testimony from Dr. Sarrafzadeh regarding this new source code that he had not cited in either of his invalidity expert reports. Siemens' belated introduction of this new invalidity evidence and opinion at the close of expert discovery was highly prejudicial and violated Federal Rule of Civil Procedure 26(a)(2)(B) and the Scheduling Order (D.I. 51; D.I. 188).

As a result, Oasis moved to strike Siemens' undisclosed invalidity evidence and opinions. D.I. 217. The Court issued an oral order finding that Siemens' use of new source code "amounts to the untimely use of new evidence to support an invalidity theory, in violation of Fed. R. Civ. P. 26 and 37." D.I. 280. The Court further ordered that "[i]n light of the fact that Defendant's untimely disclosure will cause unnecessary expenditure of fees and costs for Plaintiff, Plaintiff may seek from the Court reimbursement for reasonable fees and costs spent to pursue the additional discovery noted above regarding the 'commented out'/new source code issue." *Id.* (citations omitted).

Oasis now seeks reimbursement of (1) $███████ in expert witness fees for its validity rebuttal expert, Dr. Paul Min, to review source code and prepare his June 18, 2024 Second Supplemental Rebuttal Expert Report ("Supplemental Report") to address the new source code evidence identified by Siemens, (2) $█████ in travel costs for two attorneys to travel to Portland, Oregon from May 15 to May 17, 2024, to review Siemens' newly identified source code, and (3) $██████ in attorneys' fees (█████ hours) to prepare for and review source code and work with Dr. Min to prepare his Supplemental Report. These costs and fees are documented in the Declaration of Aaron Frankel, Dr. Min's invoice (Exhibit 1 hereto) and attorney time entries (Exhibit 3 hereto). A copy of Dr. Min's Supplemental Report is submitted as Exhibit 2.

Oasis sent Siemens a request for reimbursement on July 18, 2024. Exhibit 4. After conferring, Siemens indicated that it would not reimburse Oasis' fees and costs. Siemens contends that it is premature for Oasis to move for fees and costs in view of the Court's judgment which stated that "[a]ny request for costs, including under Federal Rule of Civil Procedure 54(d) and D. Del. LR 54.1 or motion for attorney's fees shall be extended until 21 days after (1) the issuance of a mandate from the Federal Circuit or any earlier termination of the appeals, or (2) the deadline for filing a notice of appeal, if no appeal is filed." D.I. 314 at 2; Ex. 5 (7/20/24 email from J. Vandenberg).

Siemens' argument is misplaced. The Court already authorized Oasis to seek reimbursement for its fees and costs relating to mitigating the prejudice caused by Siemens' untimely disclosure of new evidence. D.I. 280. In contrast, Oasis understands the Court's

Judgment to defer until after the conclusion of appeals fees and costs that may be awarded to the prevailing party at the termination of a case. The fees and costs Oasis seeks through this motion, however, are a separate issue and are not contingent on the outcome of the case.

During the pendency of a case and prior to appeal, this Court routinely grants fees and costs for discovery violations. *See, e.g.*, *Citrix Sys., Inc. v. Workspot, Inc.*, No. 18-588-LPS, 2020 WL 5884970, at *7 (D. Del. Sept. 25, 2020) (requiring [Defendant] to pay reasonable fees and costs for filing a false declaration); *Ezaki Glico Kabushiki Kaisha v. Lotte Int'l Am. Corp.*, No. 15-5477 (MCA) (LDW), 2019 WL 581544, at *6-7 (D.N.J. Feb. 13, 2019) (granting fees and costs for additional depositions necessary to respond to supplemental expert report); *Robert Bosch LLC v. Alberee Prods., Inc.*, No. 12-574-LPS, 2017 WL 376270, at *6 (D. Del. Jan. 24, 2017) (ordering party to pay reasonable attorney fees based on discovery misconduct); and *St. Clair Intell. Prop. Consultants, Inc. v. Motorola Mobility, LLC*, 292 F.R.D. 162, 167 (D. Del. 2013) (requiring payment for reasonable fees and expenses incurred in bringing motion). The same should apply here as there is no reason Oasis should be required to wait until the conclusion of the appeal to be reimbursed for fees and expenses already authorized by the Court as a result of Siemens' untimely disclosure.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: */s/ Philip A. Rovner*

Paul J. Andre
Lisa Kobialka
James Hannah
Jennifer L. Gilbert
Timothy Layden
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
(650) 752-1700

Philip A. Rovner (#3215)
Nicole K. Pedi (#6236)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
npedi@potteranderson.com

*Attorneys for Plaintiff*
Oasis Tooling, Inc.

Aaron M. Frankel
Cristina Martinez
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated: August 23, 2024
Public version dated: August 30, 2024
11710240

2