IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OASIS TOOLING, INC.,                    )
                                        )
            Plaintiff,                  )        REDACTED - PUBLIC VERSION
                                        )
    v.                                  )        C.A. No. 22-151 (CJB)
                                        )
SIEMENS INDUSTRY SOFTWARE INC.,         )        ██████████
                                        )
            Defendant.                  )

**DEFENDANT SIEMENS INDUSTRY SOFTWARE, INC.'S OPPOSITION TO
PLAINTIFF OASIS TOOLING, INC.'S LETTER BRIEF REGARDING FEES**

OF COUNSEL:

John D. Vandenberg
Kristin L. Cleveland
Mark W. Wilson
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204
(503) 595-5300

Gregg F. LoCascio, P.C.
Michael A. Pearson, Jr.
Matthew J. McIntee
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

Kristina R. Cary
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

James John Lomeo
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100

August 30, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant Siemens Industry
Software Inc.*

Dear Judge Burke:

I.    OTI'S FEES REQUEST IS PREMATURE UNDER THE FINAL JUDGMENT

The Court should deny OTI's request without prejudice as premature under the Final Judgment. OTI has appealed from the Final Judgment, which orders that "*Any* request for costs, *including* under Federal Rule of Civil Procedure 54(d) and D. Del. LR 54.1 or motion for attorney's fees shall be extended until 21 days after (1) the issuance of a mandate from the Federal Circuit or any earlier termination of the appeals, or (2) the deadline for filing a notice of appeal, if no appeal is filed." (D.I. 314.) (emphases added.) By its clear terms, this postponement of costs and fees requests, jointly proposed by the parties, covers OTI's present request. It expressly is *not* limited to (but instead "include[s]") Rule 54(d) "prevailing party" fee requests. There is no basis for now modifying this provision in the Final Judgment, post notice of appeal.

II.    OTI HAS NOT SHOWN THESE COSTS OR FEES WERE UNNECESSARY

OTI submits no evidence or argument that these expenses were *unnecessarily* incurred, *i.e.*, would *not* have been incurred had Dr. Sarrafzadeh given the correct source code file path.

Even if discovery misconduct were in bad faith (which it is not here), "[w]hen a '[party] would have incurred [an] expense in any event[,] he has suffered no incremental harm from the [discovery abuse],' and so the court lacks a basis for shifting the expense." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 n.5, 109 (2017) (restricting a court's inherent authority to sanction a party and noting that Fed. R. Civ. P. 11 and 37 "similarly require courts to find such a causal connection before shifting fees."). Consistent with this but-for causation requirement, the Court invited OTI to seek reimbursement of *unnecessary* costs and fees spent by OTI due to Dr. Sarrafzadeh's typo in a source code file path: "In light of the fact that Defendant's untimely disclosure will cause unnecessary expenditure of fees and costs for Plaintiff, Plaintiff may seek from the Court reimbursement for reasonable fees and costs spent to pursue the additional discovery noted above regarding the 'commented out'/new source code issue." (D.I. 280.)

Had Dr. Sarrafzadeh's report not had a typo in the file path to the operative source code file, then Dr. Min's response report would have analyzed that source code in the same manner he did in his supplemental report because the source code file cited in Dr. Sarrafzadeh's report is the same file with the same logic expressed nearly verbatim as the correct operative file; only the path was different. Therefore, any expenditures related to that delayed source code analysis (apart from the travel costs for a second trip to Portland) would have been incurred anyway. They were not an "unnecessary expenditure of fees and costs for Plaintiff." (D.I. 280.) Siemens offered to reimburse those additional travel costs (Vandenberg Decl., ¶ 10)—contrary to OTI's representation that "Siemens indicated that it would not reimburse Oasis' fees and costs" (D.I. 321).

III.    OTI HAS NOT SHOWN THESE COSTS OR FEES WERE REASONABLE

OTI submitted no evidence or argument to substantiate that the asserted expenses are reasonable. It does not try to justify ███ hours of expert time and ███ hours of attorney time simply to address the typographical error in the file path, notwithstanding that all other aspects of Siemens' invalidity argument remained unchanged. For example, OTI offers no evidence that it needed two attorneys to review this source code, nor that the hours spent were reasonable for

The Honorable Christopher J. Burke                                                    Page 2
August 30, 2024

reviewing source code and "preparing for" source code review (D.I. 323-1, Ex. 3.) Nor was it *reasonable* for these attorneys to have "prepared," "edit[ed]," "worked on," and "review[ed]" the expert's report (in May) *before* Dr. Min even started his source code review on June 3. (*See* D.I. 323-1.)

Not only has OTI failed to substantiate reasonableness of the fees and costs it requests, but it has also refused to produce the documentation needed to assess reasonableness. When OTI's law firm asked Siemens to pay it (not OTI) the sum of $169,855, Siemens, on July 26 and Aug. 8, asked OTI to provide the following documentation before any meet and confer call: "the documents showing and pertaining to both the amount actually paid by OTI and the reasonableness of that amount, including attorney and expert time records and invoices, records of payment made on those invoices by OTI, and any agreements pertaining to any third party paying all or part of the amounts in question." (*See* Vandenberg Decl., Ex. 1.) Siemens repeated this request on the parties' August 13 call, but OTI refused, saying it would submit documentation to the Court but not to Siemens in advance of its motion. (Vandenberg Decl., ¶¶ 9–11.) The "documentation" OTI submits to the Court, however, does not include an actual attorney invoice or evidence of payment of any attorney or expert invoice.

Particularly considering this Court's finding that the typographical error was not "due to anything more than an inadvertent mistake" (D.I. 280), and this error merely postponed the analysis of the source code by OTI and its expert, OTI's demand is grossly inflated.

## IV.    OTI HAS NOT SHOWN THESE COSTS OR FEES WERE INCURRED BY OTI

OTI seeks reimbursement of fees and costs "incurred by Oasis," (D.I. 321), not those incurred by a third-party litigation funder. As of Mr. Grebinski's January 23, 2024, deposition, however, OTI had paid ███████████ in this action. Under Section 3.1 of its litigation funding agreement (Ex. A), OTI likely has incurred ███████████████ OTI now requests. Nevertheless, without mentioning that agreement, OTI represents that $169,855 "was incurred by Oasis." (D.I. 321.) But OTI has submitted no evidence that (1) OTI has paid a penny of this amount, (2) OTI is contractually obligated to pay a penny to its expert or its attorneys, or (3) OTI's law firm is contractually entitled to receive ███████████ it seeks by OTI or the litigation funder if this Court's judgment is affirmed, as Sections 2.11 and 4.2 of the agreement ███████████████████████████████████████████████████████████████ and OTI's motion appears to seek reimbursement for ██████████ for these attorneys (allegedly ██████ and ████ respectively). The amounts OTI requests are, in other words, at least partly phantom amounts *not* "incurred by OTI."

In sum, the Court should deny OTI's request either without prejudice because it is premature under the Final Judgment or with prejudice because it fails for lack of proof that the fees and expenses requested were unnecessary, or reasonable, or incurred by OTI.

Finally, despite the Court's Order (D.I. 280) and well-settled law requiring OTI to show that the requested fees and costs were both unnecessary and reasonable, OTI's letter brief does not assert or show either, and OTI has not provided any other support to Siemens.

The Honorable Christopher J. Burke                                                    Page 3
August 30, 2024


Respectfully,

*/s/ Karen Jacobs*

Karen Jacobs (#2881)

KJ/jm
Attachment

cc:    Clerk of the Court (via hand delivery)
       All Counsel of Record (via electronic mail)