IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OASIS TOOLING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | REDACTED - PUBLIC VERSION |
| | ) | |
| v. | ) | C.A. No. 22-151 (CJB) |
| | ) | |
| SIEMENS INDUSTRY SOFTWARE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF JOHN D. VANDENBERG IN SUPPORT OF DEFENDANT'S
OPPOSITION TO PLAINTIFF'S LETTER BRIEF REGARDING FEES**

I, John D. Vandenberg, declare as follows:

1.    I am an attorney with the law firm of Klarquist Sparkman LLP, co-counsel for Defendant Siemens Industry Software Inc. I have personal knowledge of the facts contained in this declaration and, if called upon to do so, I could and would testify competently thereto.

2.    I submit this declaration in support of Defendant's Opposition to Plaintiff's Letter Brief regarding Fees.

3.    Attached as Exhibit 1 is a true and correct copy of an email thread between OTI's counsel and Siemens's counsel related to OTI's request for fees and costs, with highlighted added.

4.    In my July 26, 2024, email to OTI's counsel, I wrote: "Also, before we talk, we want to review the documents showing and pertaining to both the amount actually paid by OTI and the reasonableness of that amount, including attorney and expert time records and invoices, records of payment made on those invoices by OTI, and any agreements pertaining to any third party paying all or part of the amounts in question. Please send us those documents and then we can schedule a call." (Ex. 1 at 3.)

5.      In my August 8, 2024, email to OTI's counsel, I wrote: "We do not agree that a meaningful meet and confer is possible without us first receiving and having time to study the documentation we've requested: 'the documents showing and pertaining to both the amount actually paid by OTI and the reasonableness of that amount, including attorney and expert time records and invoices, records of payment made on those invoices by OTI, and any agreements pertaining to any third party paying all or part of the amounts in question.'" (Ex. 1 at 1.)

6.      On August 13, 2024, I represented Siemens in a conference call with counsel for OTI (including Aaron Frankel and Philip Rovner) and other counsel for Siemens (including Michael Pearson and Karen Jacobs).

7.      In that call, I repeated Siemens's position that OTI's planned motion for fees and costs was premature under the Court's Final Judgment, and Mr. Frankel disagreed.

8.      I then asked Mr. Frankel what fees and costs OTI had actually paid to its attorneys that it would not have spent had Dr. Sarrafzadeh not included a typo in the source code file path. Mr. Frankel responded that there were invoices from the expert. I asked whether OTI had paid those invoices and Mr. Frankel did not know.

9.      I asked whether OTI would be submitting to the Court with its motion documents supporting its claim and Mr. Frankel said yes. I repeated Siemens's request for documents supporting OTI's claim as Siemens had requested in my above-noted emails.

10.      Mr. Frankel responded that Siemens had said it would not pay anything. I told Mr. Frankel that Siemens had not said that but had yet to see any documentation from OTI. I also indicated that Siemens would compromise and agree to pay OTI the ███ in travel costs OTI had requested.

11.     Mr. Pearson then asked Mr. Frankel whether he would provide Siemens with the documentation before submitting it to the Court, and Mr. Frankel confirmed again that he would not.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in Sherwood, Oregon on August 29, 2024.

/s/ John D. Vandenberg
John D. Vandenberg

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 30, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE  19899<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Paul J. Andre, Esquire<br>Lisa Kobiakla, Esquire<br>James Hannah, Esquire<br>Timothy Layden, Esquire<br>Jennifer L. Gilbert, Esquire<br>KRAMER LEVIN NAFTALIS & FRANKEL LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Aaron M. Frankel, Esquire<br>Cristina Martinez, Esquire<br>KRAMER LEVIN NAFTALIS & FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, NY  10036<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs*

_____

Karen Jacobs (#2881)