# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

OASIS TOOLING, INC., a Delaware )
Corporation, )
)
    Plaintiff, )
)
  v. )  C.A. No. 22-151-CJB
)
SIEMENS INDUSTRY SOFTWARE )  **PUBLIC VERSION**
INC., a Delaware Corporation, )
)
    Defendant. )

## PLAINTIFF OASIS TOOLING, INC.'S REPLY LETTER BRIEF REGARDING FEES

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
James Hannah
Jennifer L. Gilbert
Timothy Layden
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
(650) 752-1700

Aaron M. Frankel
Cristina Martinez
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated: September 6, 2024
Public version dated: September 13, 2024

Philip A. Rovner (#3215)
Nicole K. Pedi (#6236)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
npedi@potteranderson.com

*Attorneys for Plaintiff*
*Oasis Tooling, Inc.*

Dear Judge Burke:

Oasis' request for fees is timely because the Court already authorized reimbursement of reasonable expenses incurred as a result of the prejudice caused by Siemens' "untimely use of new evidence to support an invalidity theory, in violation of Fed. R. Civ. P. 26 and 37." D.I. 280. Oasis' request is appropriate as the Court's Order was not contingent on the case outcome.

Siemens' discovery violation was much more impactful than a single "typo in the file path." Opp. at 1. After the end of discovery, Siemens sought to rely on a completely different set of source code than the one it disclosed during fact and expert discovery, causing Oasis' attorneys and validity rebuttal expert to study the wrong source code, prepare a validity rebuttal report based on the wrong source code, prepare for and depose Siemens' invalidity expert on the wrong source code, and move for summary judgment of no invalidity on the wrong source code. Ex. 6 (10/13/23 Min Rebuttal Rpt.) at ¶¶ 375-388, 413, 414, 431, 436, 438, 440 (all discussing source code Siemens is not relying on); D.I. 223 (motion for partial summary judgment of validity), D.I. 230 at 19-27 (briefing source code issue). As a result, Oasis' attorneys and expert had to redo source code review, develop new validity rebuttal arguments, conduct software testing, and prepare a new detailed validity rebuttal report. D.I. 323-1 at Ex. 2. Had Siemens timely disclosed the source code it was relying on, Oasis would not have had to expend twice the amount of time and effort in responding to Siemens' defense. Thus, Oasis' fees at issue were neither unnecessary nor inevitable.

Oasis substantiated the reasonableness of its request for fees and costs with the narrative time entries for its attorneys, its expert's invoice, and Dr. Min's substantial supplemental rebuttal expert report which evidences his detailed analysis to address Siemens' untimely evidence.[1] Given the complex, technical nature of Siemens' defense, which is rooted in source code, there is no basis to find Oasis' expenses excessive (nor has Siemens alleged that its attorneys and expert spent any less time developing its invalidity defense than Oasis spent in rebuttal).

Finally, Oasis' litigation funding arrangement it irrelevant to the Court's Order and does not give Siemens a free pass from partially mitigating the prejudice the Court has already found Siemens created with its discovery violation. D.I. 280. Siemens chose to proceed with its new invalidity evidence and Oasis' expert and attorneys spent the time needed to rebut it. Siemens should, therefore, be held to the Court's Order and reimburse Oasis' reasonable fees and costs.

---

[1] Siemens complains that Oasis did not provide its attorney time narratives before filing its request. Opp. at 1-2. However, Oasis first requested reimbursement on July 18, 2024 and did not move the Court until August 23, 2024 due to Siemens' repeated delay in participating in a meet and confer. D.I. 323-1 at Exs. 4-5; D.I. 327-1 at Ex. 1. During the parties' meet and confer, Siemens categorically refused to reimburse anything beyond Oasis' travel costs. Declaration of Aaron Frankel filed herewith, ¶¶ 2-4. Oasis explained that it was in the process of compiling the attorney time entries to submit as an exhibit and that, given Siemens' position that it would not reimburse any fees, there was no reason to further delay seeking relief from the Court. *Id.*

2

OF COUNSEL:                                              POTTER ANDERSON & CORROON LLP

Paul J. Andre                                           By:  /s/ Philip A. Rovner
Lisa Kobialka                                                Philip A. Rovner (#3215)
James Hannah                                                 Nicole K. Pedi (#6236)
Jennifer L. Gilbert                                         Hercules Plaza
Timothy Layden                                              P.O. Box 951
KRAMER LEVIN NAFTALIS                                       Wilmington, DE 19899
& FRANKEL LLP                                               (302) 984-6000
333 Twin Dolphin Drive, Suite 700                          provner@potteranderson.com
Redwood Shores, CA 94065                                   npedi@potteranderson.com
(650) 752-1700

                                                        *Attorneys for Plaintiff*
Aaron M. Frankel                                        *Oasis Tooling, Inc.*
Cristina Martinez
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated: September 6, 2024
Public version dated: September 13, 2024
11727042

2